

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CORPORATE PERSONNEL NETWORK, INC., et al.,<br><br>Defendant. | CASE NO.: SACV12-01177 JST (JPRx)<br><br>**PROTECTIVE ORDER** |

The Stipulation for Protective Order executed by Counsel, is deemed ORDERED by the court, as modified (<u>see</u> attached copy of Stipulation for Protective Order.)

Dated: May 29, 2013

_____
JEAN P. ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE

DAVID T. WARD (SBN 144970)
HALLSTROM, KLEIN & WARD, LLP
15615 Alton Pkwy., Suite 175
Irvine, California 92618
Telephone: (949) 450-8500
Facsimile: (949) 450-1588

**\* MODIFIED BY THE COURT \***

Attorneys for Defendant,
Corporate Personnel Network, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CORPORATE PERSONNEL NETWORK, INC., et al.,<br><br>Defendant. | CASE NO.: SACV12-01177 JST (JPRx)<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

STIPULATION FOR PROTECTIVE ORDER REGARDING PRIVATE AND CONFIDENTIAL INFORMATION TO BE PRODUCED BY ANY PARTY TO THIS LAWSUIT.

  The parties to this action, plaintiff, ZURICH AMERICAN INSURANCE COMPANY ("**plaintiff**"), and defendants, CORPORATE PERSONNEL NETWORK, INC., DBA PREFERRED PERSONNEL OF CALIFORNIA, FS TEMPORARY PERSONNEL , INC., DBA FUTURE STAFFING, PREFERRED EMPLOYMENT, INC., and PREFERRED OF AMERICA, INC. (collectively "**defendants**") hereby agree to this stipulation for protective

order with respect to this action (the "**action**"), as follows:

1. **Material That May Be Designated Under This Order**. Any document, or portion thereof, and any other form of evidence or discovery that contains any financial, corporate formation, or operations information of the Defendants that has not been produced in this Action prior to the date of this Protective Order, and is generally unknown to the public, may be designated by any or all of the Defendants, as applicable (each a "**Designating Party**" and collectively the "**Designating Parties**"), as "**Confidential Information**" and shall be subject to the terms and restrictions of this Protective Order. Such Confidential Information may include (i) information that the Designating Parties believe in good faith constitutes, refers to, or embodies its bank statements, financial information, balance sheets and profit and loss statements, financial records, loan agreements, credit line agreements, tax returns (if ordered by the Court to be produced) and tax return related information (if ordered by the Court to be produced) and other documents from any time to the date of production of such Confidential Information, irrespective of whether the Producing Party obtained such Confidential Information with respect to any other action, arbitration or proceeding. Confidential Information may include any document or thing being produced or information being disclosed, whether formally or informally in this Action.

2. **Use of Confidential Information**. Confidential Information may be used only for purposes of collection of the Judgment entered in this Action, shall be held in confidence by each person to whom it is disclosed (hereinafter, the "**Receiving Party**"), and may not be disclosed to any person or entity, except as permitted herein. The restrictions in this Protective Order relating to the use of Confidential Information do not and shall not apply to information or material that was, is, or becomes public knowledge in a manner other than by violation of this Protective Order.

3. **Procedure for Designating Documents or Things**. At or before the time when custody thereof is given to the Receiving Party, documents or things provided by a Designating Party to a Receiving Party may be designated in their entirety as "Confidential" by marking all

pages (or a conspicuous portion of anything) "CONFIDENTIAL" or "CONFIDENTIAL UNDER PROTECTIVE ORDER" or the like. Counsel have a duty not to mark as "CONFIDENTIAL" OR "CONFIDENTIAL UNDER PROTECTIVE ORDER" any page that does not contain such information.

A designation of any disk, CD-ROM, or other data storage device or thing as "CONFIDENTIAL" shall apply to all of the data or information contained on such data storage device, unless otherwise specified.

4. **Inadvertent Failure to Designate**. The parties hereto agree that the inadvertent disclosure after the date of this Protective Order of Confidential Information by a Designating Party in producing discovery to a Receiving Party, regardless of whether the information was designated as Confidential Information at the time of disclosure, shall not be treated as a waiver in whole or in part of a Designating Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject. Any party or third party who inadvertently fails to designate information as Confidential Information after the date of this Protective Order that is designated by the Designating Party as Confidential Information, or otherwise wishes to change the designation of confidentiality under this Protective Order, may later do so, and such document/information shall be treated by the Receiving Party as being so designated with confidentiality from the time the Receiving Party is notified in writing of the inadvertent designation.

5. **Inadvertent Production**. If information subject to a claim of attorney-client privilege, attorney work product or any other applicable privilege is inadvertently produced, such production shall not constitute a waiver of any applicable privilege. A receiving party notified by another party of inadvertent production of privileged documents shall promptly return all copies of such documents to the party claiming the privilege. If the receiving party disputes the claim of privilege or the claim the disclosure was inadvertent, the burden is on the Receiving Party to seek a ruling from the Court on the applicability of the privilege before the documents can be used in any way.

6. **Procedure for Designating Testimony Given Before a Court Reporter.** At the request of any Designating Party, made in writing or on the record prior to or during the course of a deposition, the deposition testimony and all copies of any transcript of the deposition, may be designated "CONFIDENTIAL" subject to this Protective Order, either in whole or in part, and the original and all copies of such deposition transcripts shall be marked accordingly by the reporter as "CONFIDENTIAL." Upon the written demand of a Receiving Party made after receipt of the transcript, the Designating Party shall have twenty-one (21) days after receipt of such demand to designate, in writing to the other parties and to the court reporter, those portions of the testimony in the transcript that the Designating Party claims constitute or contain Confidential Information and designate it as "CONFIDENTIAL." Each party and the court reporter shall attach a copy of such written notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

7. **No Obligation to Challenge.** A party shall not be obligated to challenge the propriety of a confidential designation, and a failure to do so shall not preclude a subsequent challenge of the propriety of such designation. If the parties are unable to resolve any challenge of confidentiality by agreement within ten (10) days after receipt of challenge notice by a Receiving Party, the Receiving Party may at any time thereafter seek a court order to alter the Confidential status of the materials or information. Any such motion shall be filed pursuant to Local Rules 37-1, 37-2, and 79-5.

8. **Access to Confidential Information by the Parties and their Counsel.** Confidential Information and materials designated as: "CONFIDENTIAL" or "CONFIDENTIAL UNDER PROTECTIVE ORDER" shall be made available only to the following persons who shall be informed of the terms of this Protective Order: (1) this Court and its personnel, court reporters, and interpreters or translators, while in the performance of their official duties; (2) parties who have signed a Secrecy Agreement in the form attached hereto as Exhibit "A" (the "Secrecy Agreement") principal shareholders, officers, directors, principal

members or managers of the entity parties who have signed a Secrecy Agreement in the form attached hereto as <u>Exhibit "A"</u>, and employees and independent contractors of a Receiving Party who are assisting any counsel in this litigation and who have signed a Secrecy Agreement in the form attached hereto as <u>Exhibit "A"</u>; and (3) outside legal counsel for the parties, and supporting personnel employed or engaged by such counsel, including but not limited to attorneys, paralegals, legal secretaries, data entry clerks, legal clerks, trial and computer consultants and/or private photocopying services, provided that such individuals are informed to the terms of this Protective Order; and provided further, that each of the parties shall notify their respective personnel as referenced in this section of the terms and conditions of this Protective Order.

9. <u>Access to Confidential Information by Consultants</u>. Counsel for a Receiving Party may disclose materials marked "Confidential" to experts and/or consultants who are actively assisting in the preparation for and/or trial of this action, provided, however, that any such expert and/or consultant shall be given a copy of this Protective Order by a Receiving Party, and the terms, conditions and provisions of this Protective Order shall be explained to him/her by counsel for Plaintiff. Each Receiving Party shall ensure that such expert and/or consultant shall agree to be bound by this Protective Order and each Receiving Party shall obtain from each such expert and/or consultant a fully executed original of the Secrecy Agreement in the form of the attached <u>Exhibit "A."</u>

10. <u>Access to Confidential Information for Litigation Support Services</u>. Any Confidential Information may be disclosed to persons requested by counsel to furnish services of photocopying, document coding, image scanning, mock trial, participation in a mock jury, jury profiling, or the creation of any computer database from documents containing Confidential Information.

11. <u>Limited Access by Certain Deposition Witnesses</u>.

In the event of disclosure of Confidential Information under this Section 11, only the reporter, deponent, his/her counsel, and persons to whom disclosure of Confidential Information under this Protective Order may be made, and who are bound by the Protective Order, may be

present at the deposition during the time that the disclosure or discussion of Confidential Information occurs. Disclosure of material pursuant to this Section 11 shall not constitute a waiver of the confidential status of the material so disclosed.

12. **Use of Confidential Information at Trial**. Nothing in this Order shall prevent a party from using any Confidential Information at trial, hearing, mediation or arbitration. The parties may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which Confidential Information is disclosed be restricted to court personnel and persons authorized to receive disclosure by this Order.

13. **No Admission Regarding Confidentiality**. Neither the designation of Confidential Information pursuant to this Order nor the Receiving Party's failure to oppose or challenge any such designation shall be construed as an admission that such information is, in fact, a trade secret, non-public proprietary information, or confidential information and shall not be admissible as evidence of that fact.

14. **Modifications in Writing**. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if counsel for the Designating Party consents in writing or on record to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure for good cause. Any particular consent given under this Protective Order with respect to confidentiality of the particular document shall not be deemed a general waiver of any other designation.

15. **Procedure Upon Termination of This Action or Collection**. Sixty (60) days after the termination of this action or collection of the judgment obtained, counsel may request the return of protected documents to the parties or attorneys who submitted them. Counsel may maintain one archival copy of depositions, exhibits, transcripts, Court exhibits and transcripts, and documents and information included in submissions to the Court.

16. **No Bar to Rendering Advice to Client**. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice with respect to this Action and, in the course thereof, relying upon an examination of Confidential Information, provided, however,

that in rendering such advice and in otherwise communicating with the party-client, counsel shall not disclose any Confidential Information nor the source of any Confidential Information to anyone not authorized to receive such Confidential Information pursuant to the terms of this Protective Order.

17. **Violation of this Order**. In the event that anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved Designating Party may immediately apply to obtain relief against any such person violating or threatening to violate any of the terms of this Protective Order. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

18. **Agreement Prior to Entry By the Court**. Until such time as this Stipulation and Order has been entered by the Court, the parties agree that upon execution and delivery of this Protective Order to all parties to this Action, this Protective Order shall be treated as though it has been entered as an Order of the Court, and violations of the terms hereof may be deemed to be contempt of a Court Order.

19. **Counterparts**. This Stipulated Protective Order may be executed in two or more counterparts, each of which, when so executed, shall be deemed to be an original. Such counterparts shall, together, constitute and shall be one and the same instrument. This Stipulated Protective Order shall not be effective until the execution and delivery by each of the parties of at least one set of counterparts. The parties hereunder authorize each other to detach and combine original signature pages and consolidate them into a single identical original. Any one set of such completely executed counterparts shall be sufficient proof of this Stipulated Protective Order. Counterpart signatures of this Stipulated Protective Order may be exchanged by facsimile transmission or by electronic mail and all such signatures so exchanged shall be deemed to be original signatures.

//

//

DATED: April ____, 2013               HALLSTROM KLEIN & WARD, LLP

                                      By: _____
                                      DAVID T. WARD
                                      Attorneys for Defendants
                                      Corporate Personnel Network, Inc., Dba
                                      Preferred Personnel Of California, Fs
                                      Temporary Personnel, Inc., Dba Future
                                      Staffing, Preferred Employment, Inc., and
                                      Preferred Of America, Inc.

DATED: April ____, 2013               LOCKE LORD LLP

                                      By: _____
                                      PATRICIA MUSITANO
                                      Attorneys for Plaintiff
                                      Zurich American Insurance Company

EXHIBIT A

## SECRECY AGREEMENT

The undersigned person hereby solemnly swears and affirms as follows:

1. I have been given a copy of the Protective Order in the above-captioned case (the "**Order**") and have read and do fully understand the Order.

2. I agree to comply with and to be bound by the terms of the Order.

3. I submit to the jurisdiction of this Court for enforcement of the Order.

4. I agree not to use or disclose any Confidential Information disclosed to me pursuant to the Order except for purposes of the above-captioned litigation and not to disclose any such Confidential Information to persons other than those specifically authorized by said Order, without the express written consent of the party who designated such information as being confidential or by order of this Court. I also agree to notify as to the terms of said Order, any and all stenographic, clerical or technical personnel that are required to assist me in carrying out my duties and obligations.

5. I understand that I am to retain all documents or materials designated Confidential in a secure manner and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed by me on _____, 2013.

By: _____

_____
[PRINT NAME]

Address: